This morning, I would propose to focus on Buxton's alpha blending equation, which is, we think, a clear illustration of the board's basic error in trying to split the baby based on the use of logical operators. Do all programs use logical operators? When it comes to manipulating data in a digital computer, as far as we're aware and as far as the record shows, logical operators are always used for that. They're the basic building blocks of digital computing, at least for data manipulation. And which certainly underscores that it's going in when we don't expect the use of logical operators to be a patentable distinction. And the reason I was going to say that Buxton's alpha blending illustrates that nicely is that the two key points about alpha blending are undisputed. First, Buxton sets forth that arithmetic... Could you speak up just a little bit? I'm sorry. Thank you. Of course, Your Honor. First, Buxton's alpha blending equation discloses a mathematical equation for purposes of the relevant blending. And second, arithmetic equations are made up of... arithmetic operators are made up of logical operators. Therefore, to a person skilled in the art, disclosing the arithmetic equation discloses logical operators. And the board determined only that there is a difference between arithmetic operators and logical operators. But that's true and undisputed, but also not the relevant question. It doesn't get you to the conclusion. Because the difference is only that logical operators are the basic building blocks that can be combined in various ways. One way they can be combined is arithmetic operators. So it's true that logical operators are not necessarily arithmetic, but it's not true in the opposite direction. Arithmetic operators necessarily entail the use of logical operators. Excuse me, I assume you're a logical operator. In a totally different sense. Obviously, we're talking about how digital computers work, not how people's brains work. Is it your position that the arithmetic operators necessarily use logical operators? Correct. So it's an inherency argument. It's not inherency because the question is how the express disclosure would be understood by a person of skill in the art. And a person of skill in the art would understand that arithmetic operators are logical in the sense they're comprised of logical operators. And therefore, that the express disclosure of an arithmetic operator discloses the use of logical operators. Is it always Boolean logic? No. The board, in fact, construed logic. IV had proposed that logical operators be construed as Boolean logical operators. And the board rejected that, which is not on appeal, and said only the logical operator is an operator that manipulates binary data at the bit level. Which obviously is as broad as can be as part of our argument. Yes, it is. As part of our argument. But there are, as the board pointed out, the logical operators may or may not be Boolean. Which is correct. And, but so why it's not inherency is just the question is how a person of skill in the art would understand the express disclosure. What happens where that's disputed? If, you know, the Posenstein Intellectual Ventures Council, I presume, is going to get up and say, no, that's not true. Arithmetic operators don't include logical operators. Where does that leave us on a substantial evidence standard of review where there might be evidence supporting both sides? Right. Well, obviously, typically speaking, if there's really evidence in support of both sides, that would normally mean there's substantial evidence that you affirm. The important thing here, though, is that all of the evidence is entirely consistent. Because they have, evidentiary-wise, they have basically three things. First, their expert's conclusion, which doesn't count because it's, you read his declaration, it's just conclusory. It's also based on their own claim construction, which the board rejected, the limitation of Boolean. You then look to their two pieces. They have a dictionary definition saying that a logical operator is non-arithmetic. The thing is, there are two things about that. First, that's not the claim construction in this case. The claim construction in this case is just manipulating binary data at the bit level, which arithmetic operators unquestionably do. I mean, if arithmetic operators do anything, they manipulate binary data at the bit level. A couple of the better sites for that in the appendix are computer texts that discuss this at appendix pages 1302 to 1310 and 1816 to 17. But the other thing about the dictionary is what we were talking about before. It doesn't run both ways. It's true that the logical operators are not necessarily arithmetic. I mean, by definition, logical operators can do other things. But arithmetic operators are comprised of logical operators. What's your best site in the appendix for that? The two that I just gave you are pretty good. They're computer texts that discuss how arithmetic operators work and show that they use logical operators. And that's appendix pages. Those texts are appendix pages 1302 to 10 and 1816 to 17. I also didn't know that there was really a dispute on that. In other words, I think their argument, as I understood it, was that from their brief, was that they say that, well, we're looking at it all wrong. We're looking at things at the bits and bytes level. And here, arithmetic operators are different because they're combinations of logical operators. Now, that argument just doesn't work for a couple of reasons. I guess their position is that these things are categorized differently. There's arithmetic operators and there's logic operators. Right. And there's a chart that shows them broken out differently. And that's their third piece of evidence, the chart that shows arithmetic operators, logical operators. But again, it's not inconsistent with our view of reality because it's true that logical operators are not necessarily arithmetic. Arithmetic operators are operators that do particular things. But arithmetic operators are comprised of the basic building blocks. To the extent you're using on-off states, zeros and ones, in order to do anything, you have to have some sort of logical operation. Yes. Which is why one... And which includes, in order to do anything, includes then writing a program which says 1 plus 1 equals 2 in an arithmetic fashion. I take it the point may be that, okay, the claim instruction is just awfully broad. And at that point, is there a lot left to the claim instruction? No, my point is I don't see how it can be any other way. That's absolutely right. It's basic principle of digital computing is that you're going to be using logical operators if you are manipulating binary data at the bit level, the claim construction, which is why we have to be right. And I think Buxton's Alpha Blending is the best example of that. It also bears emphasis on Alpha Blending that they've accused the exact same Alpha Blending equation of infringement in the underlying litigation. And here, even in their brief in this court, page 73, footnote 2, they say that they're telling this court that the exact same Alpha Blending equation, quote, relied on logical operators to perform the accused blending operation. That's their position for purposes of infringement that they are repeating in this court and it's the exact same Alpha Blending equation that's at issue here. And at a minimum, that's pretty good evidence of how a person of skill in the art understands the Alpha Blending equation. In the other litigation, their expert also testified in his deposition that the way that they contended the... Was this information before the board? Absolutely. And the board said that, well, there's no judicial estoppel on this last point. And that's true. The technical requirements for judicial estoppel are not satisfied. But there's a couple of things about it. One, now they're telling this court that that same equation infringes. Two, they're right. And three, it certainly goes to the perspective of a person skilled in the art, as does the deposition testimony, which is in the appendix, the inventor deposition testimony in the appendix, pages 1485 to 88, where he repeatedly... What was the page number? Sorry, it's 1485 to 88. The inventor repeatedly testifies over and over and over that Alpha Blending is how they envisioned the asserted invention to work. And so for those reasons, that's how... It's logical that that's how a person skilled in the art would read. And also, as a matter of the broadest reasonable interpretation standard, the broadest reasonable interpretation ought to at least be broad enough to encompass infringement theory. And the PTAB has actually found that in a precedential decision last year, entitled Exploitation Allows It. But that's why... That's the basics of Alpha Blending, is how it... Alpha Blending is arithmetic, which is necessarily logical. And generally speaking, also the claim construction is just manipulating binary values at the bit level. And even their chart that they have in their brief of arithmetic operations and logical operations, the multiplication arithmetic operations expressly say that they're dealing with 64 bits. So again, manipulating binary value at the bit level, which of course is what digital computers do. Is XORing Boolean? Yes, that's the exclusive OR. And that is a Boolean logical operator that's also expressly set forth in... It's a separate theory about Buxton. It's also expressly set forth there. There's no question that's a Boolean logical operator. Their argument on that is that, okay, that's a disclosure... And this is separate and apart from Alpha Blending. Their argument there is, okay, there's an express disclosure of the Boolean logical operator there. But it's not used in a way that would satisfy its surrounding claim limitations, which is a series of second-level concerns that the board did not reach. And therefore, at a minimum, we would say that on the XOR, that would be at least a remand for the additional considerations that they want to raise there. But on Alpha Blending, we don't, frankly, see a need for a remand, because on Alpha Blending, the record is what it is. The facts all line up in the same way. And the point is just that combinations of logical operators satisfy the claim limitation, which, by the way, the specification expressly says that logical operators can be combined, which, in our view, is the whole ballgame with respect, then, to arithmetic operators. I'll save the remainder of my time for rebuttal. We will save it for you, Mr. Joseph. Mr. Babcock. Good morning, Your Honors. May I please the Court? Do you agree that XOR operator is a Boolean logical operator? It is not used for blending, Your Honor. Yes, it's a Boolean operator, but it's not used for blending. The basic questions here were addressed by the Board. The question here, raised by Google, is whether or not arithmetic operation, no dispute, Alpha Blending, arithmetic operation, is that a logical operation. Or does it include logical operations? Correct. Does it meet the limitation that's recited of doing blending using a logical operation, using logical operators? Page 24 of the Board's opinion, Appendix 24. The Board had all of the testimony from both experts. Google's expert said the Building Block Theory. The Building Block Theory doesn't answer the question. Does Alpha Blending manipulate bits at the binary level? Does the process of mathematical, or in this case the Alpha Blending, which uses rather logical operators, it uses arithmetic operators, does it manipulate bits at the binary level? And the answer is no, it does not. Does it utilize them at the binary level? No, not the coding. So the computer doesn't work if it's not utilizing them at the binary level? The arithmetic operators ultimately, at some level of abstraction, down at the very basic level of computing, they use bits and bytes. But arithmetic operators do not manipulate bits at the binary level. They manipulate bytes, possibly larger groups of bits. But they don't manipulate bits. The advantage of using... But do they utilize them? I'm not asking if they manipulate them. Do they utilize them? Are they part of the arithmetic operators? The question is whether or not they manipulate binary values at the bit level. That is the claim construction of the Board. Do they manipulate binary values at the bit level? Not utilize, but do they manipulate? The Board says, we looked at all the evidence. We looked at all the arguments. We agree with Patton on it. We determined that Petitioner's arguments do not provide us that Buxton's alpha blending equation uses operators that manipulate binary values at the bit level, consistent with our construction of logical operators, which is not in dispute. The alpha blending equation unquestionably involves arithmetic operations, which we find differ from logical operations. Because of the operating at the byte level versus... Exactly. Not because... Binary... Exactly. Binary... Using logical operators does manipulate bits at the bit level, making it more efficient. Alpha blending, which uses, no dispute, uses arithmetic operations, does not manipulate at the bit level. It manipulates at larger levels, larger blocks of data. Now, if you go further down into the computer, Your Honor, yes, there will be bits used, but they're not being manipulated at the bit level. That's exactly what the Board found. That's a factual finding that is supported by substantial evidence. There's no evidence in this record that says alpha blending or arithmetic operations manipulate bits or binary values at the bit level. But do logical operations manipulate the arithmetic operations? No, no. There are two different categories of operations, as the Board found. If you take the construction that Google is offering, this limitation means nothing. This limitation means the claim is a nullity. You have two options here. You can say, well, everything, every operation is ultimately a bit operation. It doesn't meet this limitation. But you can just say, well, generally, it's all working with bits and bytes. It's all the same. Therefore, this limitation means nothing. Or you can do what the Board did and say, presumably, this limitation was added to narrow the claim. Let me ask you about what the Board did. The PTAB stated that it disagreed with Google's argument that Gauss, I think I'm saying that right, G-O-U-G-A. We're talking about Go. Go, okay. Go's color lookup table discloses logical operators. Correct. Where did it explain why the color lookup table evaded logical operators in Claim 1 as construed? So let me make sure I understand your question. What does the color lookup table do? How does it work? Or how did the Board analyze it? How did the Board analyze it? Well, the Board considered the arguments and the evidence presented by Google and by IV. Yes. Where did they explain what they did? In the opinion? Yes. They said they disagreed. Right. Well, the reason they disagreed is because the description, if you look at Go, the description of the lookup table is very general. There's no description of how a lookup table works. Now, Google says, well, it's going to be using logical operators. That isn't true. A lookup table takes an input, another input tells the output. It could be one green gives you apple. That's what a lookup table does. It doesn't necessarily use logical operators. It's basically giving you one parameter plus another parameter. It gives you an answer. That's what a lookup table does. It's not using logical operators. It's not necessarily using arithmetic operators. It could be different. It could be anything. So all the Board is saying is, look, there's nothing in Go, based on this record, based on the evidence, that shows us that Go is using arithmetic operators. What other than if one then green equals apple? Right. Pardon me? What other instructions? You said it could be using something else. What? All you're doing there is you're taking an input and you're saying, if you get this input and you have this second input, what's the answer? It doesn't have to be arithmetic. It doesn't have to be logical. It's just giving you the output from two given inputs or three given inputs or whatever parameters you have input. You're not necessarily using math. You're not using arithmetic. You're not using logic binary. It's just another way for a computer to manipulate numbers, to manipulate values. It's not using logical operators. It doesn't have to use any of those. The question here for Go is, does it anticipate? Does it disclose? Show me what else other than logical or arithmetic in the record it could use. Well, we have a table that's described in Appendix 1824. And if we go to 1824, there's a list of some types of operators that are used. This is an IEEE manual, MIPS manual. The MIPS manual is what, this is the Silicon Graphics manual that this patent was based on. And you see you have categories of operators. You have arithmetic. You have logical. You have data transfer. You have conditional branch, unconditional jump. And I'm not representing, that's all there are. But there are many different types of operators that people of skill in the art would understand what they mean. And so when you claim a logical operator to a person of skill in the art, the testimony is the evidence is that person of skill in the art would understand that means this kind of logical operator, which is not an arithmetic operator. So the testimony here is from people of skill in the art providing their opinion about when you see the claim, it says, using a logical operator, what does that mean to a person of skill in the art? Not what it means to me or to a layperson or even to this panel. But what does it mean to a person of skill in the art? The evidence is it means something different than arithmetic. And it gives the claim meaning. If you say, well, these are all logical, they all manipulate bits at some level, then that claim limitation has no meaning. And it should not, it means that the drafter put in language that had zero consequence. Counsel, is it true that the board didn't rely on this table that you're pointing us to right now? They did rely on it. They did rely on it? Yes. I thought that they said that they weren't going to rely on it. Because it was submitted later or only brought in during oral argument. Am I incorrect in understanding that? So they did rely on it. I'm looking at my co-counselor. I believe they looked at it. Okay. I have a different question for you. On page 24, underneath the sentence that you directed us to earlier in the board's decision, this is JA 24, it says the alpha blending equation unquestionably involves arithmetic operations, which we find differ from logical operations. I mean, do you agree with that statement? Because it sounds to me as if you're really not focusing on that distinction. No, I am. I wholeheartedly agree with that distinction. I think arithmetic operations are different from logical operations, but yet arithmetic operations include logical operations. No, I don't think they include either. I think they're distinctly different. I think counsel for Google said that they're all the same, or that they include. I don't think arithmetic operators, based on the board's definition, which is not in dispute, arithmetic operators don't manipulate bits or binary values at the bit level. They manipulate larger blocks of data. Okay, I thought you were saying that the particular alpha blending includes... I'm sorry, alpha blending... But you're saying all arithmetic operators do not operate on the bit level. Right. Arithmetic operators do not. Maybe I'm confusing because I'm using alpha blending and arithmetic interchangeably. This version of arithmetic operators is multiplication, addition, and subtraction. It's arithmetic. So this version of, as Buxton discloses, it's a purely arithmetic operation, which is different than a logical operation manipulating data at a binary level, which is what the board found. And the board didn't just willy-nilly come up with this construction on its own. It's a construction that the parties agreed to, and the board analyzed all of the evidence, including these documents we're looking at here, the expert testimony, and they said they look to be different. A person of skill in the art... Counsel, do you want to address your cross-appeal? Yes, Your Honor. With regard to my cross-appeal, I'm going to point the panel to the claim. The particular claim, you can look at 19 or 26. The claim, these claims require two different things to happen. They require selecting pixels, and selecting simply means you take a pixel that's a key, that's either a key or a background, and you select to display that as a key or a background. That limitation is the first limitation in 19. It says very clearly, looking at column 13, this is appendix 120, limitation A, towards the bottom of A, it says, the variable pixel control causing pixels selected to form the representation of at least one key. Okay, so you have pixels that are selected to form a key, activated at the same time, simultaneously, with pixels selected to form the main image. And by simultaneously, it means instead of, like the prior art, you alternate one or the other. You're saying, you take a key pixel, and you activate that at the same time as you activate a background image pixel. So you activate those, both at the same time. And what they're doing is saying, okay, key, background, key, background, key, background, and you kind of get this composite image that's composed of key pixels and main image pixels. Then they had to add this limitation at the end, in order to get it allowed. The limitation at the end says, wherein the variable pixel control allows individual pixels to be dedicated simultaneously to both the main image and the representation of at least one key. That's blending. That's a different concept. That's the idea of saying, you take one pixel, and you have it blend both key and background in one pixel. The patent discussion, starting with column four through five, describes those two very distinct concepts. Pixel selection, selecting one pixel for background or key, and displaying them simultaneously, versus blending. Counsel, do you want to save any rebuttal time on the question? Can I ask one question? I'd just like to ask one question. I'm going back to that question about the table, which I think was Exhibit 2018. I think. I believe it was Exhibit 2018. And then I look at page of Appendix 28, and there, there's a motion to exclude. That only means to exclude certain exhibits. And then it says we do not rely on any of these exhibits. Does that include the MIPS assembly language table? It wasn't excluded. But the board says we do not rely on any of these exhibits in rendering our decision. So that's how I understood that. That's not how I understood it, Your Honor. This is the boilerplate language for the board to punt on evidentiary objections. So I believe that. Wait, boilerplate language? Well, the board typically. The board says that there's a motion to exclude certain exhibits, which include the exhibits you're putting in front of us today. And the board says we do not rely on any of these exhibits in rendering our decision, and you're telling me that's boilerplate? Well, I think what they're saying here, Your Honor, is that they did not decide the motions to exclude because they were able to reach their decision without relying on those exhibits. Well, the expert clearly did. Our expert clearly relied upon this, and this was part of our expert's opinion, was how do you differentiate between arithmetic and logical? And this is one of many. We had dictionaries, treatises, other things that we pointed to that said arithmetic and logical. Can your expert rely on evidence which has been excluded? Well, it wasn't excluded, Your Honor. It wasn't excluded. All Judge Stoll's point is to say, well, to the extent that there's a dispute, we won't rely upon that specific evidence. But this isn't the only piece of evidence. This is just one piece of evidence that the board had in order to evaluate, again, not what we think is different between arithmetic and logical, but what a person of skill in the art would understand. And when the claim is directed to a person of skill in the art, the board looked at the evidence and said, they're different operations. I credit the testimony and the evidence provided by I.V. And for this panel, the question is simple. Is there substantial evidence to support that determination? Not whether you would have decided it differently. Pardon me? And we shouldn't look at the table, or should we look at the table? It's confusing because the board didn't rely on it. I'm not sure on rebuttal if I can address that. You can answer the question, sir. I'm going to have to go back and look at the decision. I believe you can look at it because I believe it was in the record and wasn't excluded. I think you can look at the board's decision and say whether or not they considered it or not, it was part of the record. There were other pieces of evidence that were part of the record that the board looked at and said there's a difference between arithmetic and logical operations. Is there substantial evidence to support the board's decision in that regard? Yes, there is. Thank you, counsel. We'll give you a minute of rebuttal time when you cross up here. Mr. Josepher has almost five minutes. Thank you. In terms of the evidence not being considered, at an absolute minimum, the reasoned decision-making requirements of the Administrative Procedures Act require the board to identify the defined facts, identify the basis for those fact findings, and then also draw the connection between the facts found and the ultimate conclusion. When it says it's not relying on something, and quite rightly so, that's not a basis for upholding the agency's decision. The question is, did the agency articulate a legitimate basis for the facts found and the ultimate conclusion? This is a key point running through this rather cursory decision, which goes to Judge Stoll's question and also to Judge Wellick's question, which is that no, the board, when it said about the color lookup table, there was no express disclosure, gave no reasoning whatsoever, none. And that's on page A-16. Similarly, with respect to Buxton, it said it was not persuaded, which, again, is a conclusion, not reasoning that gets you there. And even with that table, though, I mean, the table that is not really properly before you, their point that arithmetic does not operate at the bit level, I mean, that table disproves it, because the table says that multiplication in two different columns there describes multiplication over in comments as 64-bit outputs, bit outputs. Similarly, one of the materials I referred you to earlier describes addition. Sorry, I lost my page number. Describes, I'll get it for you, describes addition as, again, bits in, bits out. And so the record shows that arithmetic does operate at the bit level, but even if it did not, even if we're talking about a higher level of abstraction, the key point is, as I mentioned before, the specification expressly says that logical operations, quote, can be combined. In other words, you can have combinations of logical operators. And the claim language certainly doesn't preclude that in any sense. Their main argument, or at least the only argument, their other argument seems to be that, under our view, the logical operator's limitation does not really add much, because by definition, digital computers manipulate data with logical operators and therefore are giving meaning to this claim limit. The answer is yes, because logical operators do have to be used. But it is not the case that every word in the claim has to have particularly incremental importance with respect to the overall claim scope. And the important thing to remember here is, looking back at the prosecution history, this language came in when they were amending multiple independent claims to add the requirement that there be a capability for individual pixels to be blended. That was the patentable distinction, the capability for individual pixels to be blended. When they added that to three different independent claims, they phrased it differently in every one of them. This is the only one that uses the phrase logical operators. So that was not the thrust of the amendment. You could just as easily have means for blending, which, by the way, is what one of the other independent claims that was simultaneously amended basically says. But it has meaning in the sense that it has to be done this way. It's just that that's how modern digital computers work. On the cross-appeal, we're a little confused. But the basic point seems to be from the reply that they think that the final composite image has to have some pixels that are unblended. They call that selected pixels. Does there have to be in the final composite image some unblended pixels because those are selected? And there then has to be a capability for other pixels to be blended. So you need some unblended and a capability for some blended, I think, is what they're arguing. The second of those is totally undisputed. There's no question there has to be a capability for blended pixels. And also everyone agrees that both of these relevant prior art references disclose blended pixels. So the whole action seems to be on whether the final composite image has to contain some unblended pixels, which is what they call selected pixels. Wrong for a couple of reasons. First, what the claims require is that pixels be selected to form the one image, that pixels be selected to form the other image, and that they're then combined in the composite image. That doesn't mean that the same pixel has to be selected for only one image or the other. There's nothing that says that at least one pixel has to be selected for only the one image or the other. And the specification confirms that because one of the two disclosed embodiments uses only blended pixels. Every pixel is selected for both images, and then the composite includes only blended pixels. That's spot on one of the two disclosed embodiments. So there's no requirement that ultimately you have any unblended pixels. Also, the way they're trying to get there is by saying that selected means selected for only one and not the other, essentially. It's certainly not the ordinary meaning of selected, just chosen, not necessarily chosen for only one or the other. And it's essentially an unpreserved claim construction argument because there's certainly no claim construction that selected takes that extremely unusual meaning. Slightly over, if you want, I can make one more point on this or sit down. Thank you, Mr. Joseph. Thank you. Mr. Babcock has a minute on the cross-appeal. Yes, Your Honor. Thank you. Your Honors, you'll notice that Google's counsel didn't point you to the claims. Google's counsel wants to say, look, selecting, blending, it's all making one image. I want you, when you reach your decision on this, I want you to look at the claims. The claims are very clear. I'll look at claim 26 this time. Abilities 120, it says pixels are selected to form the main image such that the main image and the representation of at least one input zone are displayed simultaneously. 19 is probably clearer. It says the variable pixel control causing pixels selected to form the representation of at least one key. You're selecting pixels to do what? To form the representation of a key in what? In this composite image. So it's the representation of a key in the composite image. Did the PTAB base its construction on entirely intrinsic evidence or was there extrinsic? I don't believe there was extrinsic here that the PTAB was looking at. I think they just looked at this very, and they said, look, we think simply blending pixels, this last limitation is sufficient, and they wrote out the first part of the limitation which says you've got to select pixels to form the representation of a key. You answered my question. I understood them to be saying that the claims don't cite unblended pixels and that none of these steps require that. But if you look at the description. I should say both blended and unblended. That's what the board says. The board says that they'll require both, but they read out the notion, the very explicit language that says you have to select a pixel to form the representation of a key, and you have to display that to select a pixel to form the representation of a main image. A pixel that's blended isn't a representation of a key, and it's not the representation of a main image. It's both. That's in the last limitation. A pixel that is formed to select the representation of a key does what the claim says. It represents a key or it represents a main image. The last step is a where-in clause. As I understand it, the last step you're referring to, the where-in clause, that's what you're referring to? That's the blending. That's the blending step. I think that's the where-in that occurs from the steps A and B. That's how one would normally read the claim, right? No, it's not how one would normally. In fact, the claim was originally drafted without the where-in clause, and the examiner read that claim on devices that simply selected pixels, and in order to get the claim allowed, they had to add an additional step, which is you have to also have the ability to blend along with the ability to select. Thank you, guys. Thank you, counsel. We'll take the case under revising.